Paganica v Town of Brookhaven (2023 NY Slip Op 02323)

Paganica v Town of Brookhaven

2023 NY Slip Op 02323

Decided on May 3, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
WILLIAM G. FORD, JJ.

2020-05880
 (Index No. 619888/17)

[*1]Barbara A. Paganica, et al., respondents,
v
Town of Brookhaven, et al., defendants, Maple Leaf Communications, Inc., appellant.

Lewis John Avallone Aviles, LLP, Islandia, NY (John B. Saville of counsel), for appellant.
Cartier, Bernstein, Auerbach & Steinberg, P.C., Patchogue, NY (Linda M. Boswell of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant Maple Leaf Communications, Inc., appeals from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated June 9, 2020. The order, insofar as appealed from, denied that defendant's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff Barbara A. Paganica (hereinafter the injured plaintiff) allegedly was injured when she fell due to a depression in the roadway between 272 and 276 Southaven Avenue in the Town of Brookhaven. The injured plaintiff, and her husband suing derivatively, commenced this action, inter alia, to recover damages for personal injuries against, among others, the defendant Maple Leaf Communications, Inc. (hereinafter Maple Leaf). The plaintiffs alleged that Maple Leaf was negligent in creating the dangerous condition that caused the accident. Maple Leaf moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it on the ground that it did not create that condition. The Supreme Court denied the motion, and Maple Leaf appeals.
A contractor may be liable for an affirmative act of negligence which results in the creation of a dangerous condition upon a public roadway or sidewalk (see Pizzolorusso v Metro Mech., LLC, 205 AD3d 748, 750; Sindoni v City of New York, 175 AD3d 526). Here, Maple Leaf failed to demonstrate, prima facie, that it did not create the dangerous condition that allegedly caused the injured plaintiff's fall, and thus, it is not necessary to review the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851; Pizzolorusso v Metro Mech., LLC, 205 AD3d at 751). Accordingly, the Supreme Court properly denied Maple Leaf's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it.
IANNACCI, J.P., CHAMBERS, ZAYAS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court